IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-00100-FL

| | |
|---|---|
| NOA, LLC, and INSAF NEHME, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| | ) |
| ATLANTIC CLOTHING, LLC, and | ) |
| INTERNATIONAL RAGS, LTD., | ) |
| | ) |
| Defendants. | ) |

THIS CAUSE came on to be heard upon the joint motion of Plaintiff s. NOA, LLC and Insaf Nehme ("Plaintiffs") and Defendant International Rags, Ltd. ("Defendant"); and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. Certain information and documents to be produced by Plaintiffs and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, financial, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Fed. R. Civ. P. 26(c).

2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this Order") shall include, without limitation, all documents or information whether in hard copy or electronic form

designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party to this action or any third or non-party.

    3.    All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" in accordance with the terms of this Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

    4.    "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. For purposes of this proceeding, parties and nonparties may designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes information subject to protection under Rule 26(c) and (2) that there is good cause for the same to be protected from public disclosure.

Discovery Material designated "CONFIDENTIAL" shall mean and include all information subject to protection under Fed. R. Civ. P. 26. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY." The "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, and business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery

Material.  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information, as used in this Order, shall refer to any information so designated.  Each Party or Non-party that designates information or items for protection under this Order as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine designations are strictly prohibited.

     5.     All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

     (a)     The Court (including court reporters, stenographic reporters and videographers, and court personnel);

     (b)     The attorneys of record, their partners, employees, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

     (c)     Officers or employees of Plaintiffs in this action, and officers and employees of Defendant in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

     (d)     Subject to the terms of Paragraph 13 below, experts and their staff, contractors, and litigation support personnel and their staff retained by Outside Counsel in this

litigation; and

   (e) Any other person as to whom the producing party agrees in writing prior to such disclosure.

6. All information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be maintained in confidence for use by the attorneys of the parties, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs 5(a), (b), (d) and (e) above.

7. Nothing in the Order shall be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY," or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure The Party or Non-party designating information or items as protected bears the burden of establishing good cause for the confidentiality of all such information or items.  Within twenty one (21) days of a party's determination that a challenge to a designating party's confidentiality designation is necessary, the challenging party must provide written notice of the objection to the designating party and schedule the Meet and Confer described below.  Within ten (10) days of providing notification, the Party that elects to initiate a challenge to a designating party's confidentiality designation must confer directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party ten (10) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. If, after engaging in the meet and confer process, a challenging party still contends that a

confidentiality designation was not proper, the challenging party may at any time give written notice by way of a letter to the designating party stating its objection to the confidentiality designation. The designating party has ten (10) business days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as "Protected Material". The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as "Protected Material". Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Protected Material, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

    a.    the Designating Party withdraws its confidentiality designation in writing;

    b.    the Designating Party fails to apply to the Court for an order designating the material Protected Material within the time period specified above after receipt of a written challenge to such designation; or

    c.    the Court decides the material at issue is not subject to protection as Protected Material..

    8.    Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

    9.    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), no designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

5

Case 5:14-cv-00100-FL   Document 53   Filed 10/16/14   Page 5 of 16

ATTORNEYS EYES ONLY" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" in accordance with the provisions of Paragraph 17 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

10. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

6

Case 5:14-cv-00100-FL   Document 53   Filed 10/16/14   Page 6 of 16

11. Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" with the Court, the filing Party must comply with the procedures in section T (1) of the Courts Electronic Case Filing Administrative Policies and Procedures Manual (Rev. Jan. 25, 2010) ("ECF Manual"). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

    a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

    b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

    c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

    d. The reasons why alternatives to sealing are inadequate; and

    e. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. However, in the event that a party seeking to file confidential information is not the party who designated that material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY", then the filing party and the designating party shall follow the procedures set forth in section T (1)(a)(6) of the Court's ECF

Manual.  Further proceedings with respect to a motion to seal will be governed by the Court's Case Management Order.

12. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party.  A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order.  The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

13. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, the original of which shall be promptly provided to opposing counsel and a copy thereof served on all other counsel.  In addition, counsel for the party seeking disclosure shall comply with the following:

(a) Nothing in this Order shall be construed as requiring:  i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

(b) Nothing in this Order shall be construed as requiring that the identity of

witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel.

14. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information that it has produced or disclosed in this litigation.

15. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information.

16. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document or been told of its contents.

17. Except as otherwise provided in this Order , or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

For testimony given in deposition or in other pretrial or trial proceedings. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" and thereby obtain the protections afforded other "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within twenty (20) days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" during the 20 day period following receipt of the transcript.  With regard to all testimony presented on other pretrial or trial proceedings, the Party or Non-party offering or sponsoring the testimony must identify on the record, before the hearing, or other pretrial proceeding, all protected testimony by page and line number.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the proceeding is concluded) a right to have up to 20 days following preparation and delivery of the preliminary transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 20 days following preparation and delivery of the preliminary transcript shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.  If only a portion of

the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

Nothing in this Order shall prevent a party from using at trial any information or materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

18. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement, and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

19. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

20. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party that

filed them all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information, and documents and things containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information that have been filed under seal with the Court. Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information, if necessary.

21. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    (a)    was, is, or becomes public knowledge not in violation of this Order; or

    (b)    was lawfully possessed by the non-designating party prior to the date of

this Order.

22. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction as necessary to enforce the terms of this Order. This Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

23. The parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

So ORDERED this the  16th  day of      October   , 2014.

_____
LOUISE W. FLANAGAN
United States District Judge for the
Eastern District of North Carolina

**CONSENTED TO:**

| | |
|---|---|
| **WILLIAMS MULLEN** | **MORRIS, MANNING & MARTIN, LLP** |

By: */s/ Camden R. Webb*
Camden R. Webb
N.C. State Bar No. 22374
Elizabeth C. Stone
N.C. State Bar No. 36690
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
Email: crwebb@williamsmullen.com
        ecstone@williamsmullen.com

*Attorneys for Plaintiffs*

By: */s/ Caren D. Enloe*
Caren D. Enloe
N.C. State Bar No. 12768
P.O. Box 12768
Research Triangle Park, NC 27709
Telephone: (919) 806-2969
Facsimile: (919) 806-2057
Email: cenloe@mmmlaw.com

*Attorneys for Defendant, International Rags, Ltd*
*Local 83.1 Local Counsel*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-00100-FL

| | |
|---|---|
| NOA, LLC, and INSAF NEHME, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ATLANTIC CLOTHING, LLC, and ) <br> INTERNATIONAL RAGS, LTD., ) <br> ) <br> Defendants. ) | **NONDISCLOSURE AGREEMENT UNDER CONSENT PROTECTIVE ORDER** |

      The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

      1.     All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

      2.     Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in

15

compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

  3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

  4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

  5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____  _____
                          Signature

                          _____
                          Printed Name

                          _____
                          Title

                          _____
                          Employers(s)

                          _____
                          _____
                          _____
                          Address